James Lloyd SHORT aka Jack Lloyd Short, Appellant,

v.

The STATE of Texas, Appellee.

No. 941–93.

Court of Criminal Appeals of Texas, En Banc.

Feb. 23, 1994.

J.C. Carroll, Houston, for appellant.

Robert E. Bell, Dist. Atty., Edna, Jim Vollers, Robert Huttash, State's Atty., Austin, for State.

*OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW*

WHITE, Judge.

Appellant was convicted of the offense of aggravated manufacture of methamphetamine and sentenced to 25 years imprisonment and a $10,000 fine. Appellant appealed the conviction, and the Court of Appeals reversed the conviction and acquitted appellant. *Short v. State,* 857 S.W.2d 620 (Tex. App.—Corpus Christi 1993). The State petitioned this Court, and we granted review. The State brings two grounds for review, contending that the Court of Appeals erred 1) in concluding that the evidence was insufficient to sustain the judgment of conviction, and 2) in failing to apply Texas Rules of Criminal Evidence 702, 704, and 705 to find that there was sufficient proof to sustain the judgment of the trial court. We will sustain the State's first ground for review. Discussion of ground for review number two is not necessary due to the disposition of this cause. We will reverse the decision of the Court of Appeals.

The State's evidence showed that, based on information gathered in February and March of 1988, law enforcement officers Jung (Drug Enforcement Agency) and Smejkal (Calhoun County Deputy Sheriff) began surveillance in April 1988 of a residence believed to be operating as a methamphetamine laboratory. The officers observed activity at this residence consistent with that of a working methamphetamine lab. A search warrant was subsequently executed, at which time chemicals and assorted materials used in manufacturing the substance were seized.

Appellant was indicted under count one of the indictment which charged that appellant, on or about the 11th day of May, 1988, "did then and there intentionally and knowingly manufacture a controlled substance, to wit: Methamphetamine, in an amount by aggregate weight, including any adulterants or dilutants, of 400 grams or more." At trial, William Ginn, a chemist for the Texas Department of Public Safety, testified that the aggregate weight of the seized methamphetamine, including any of its adulterants and/or dilutants, was 1,093.7 grams. Appellant neither cross-examined the State's witness concerning any analysis of the adulterants or dilutants nor presented any expert testimony to rebut the State's evidence.

The State contends in its first ground for review that the Court of Appeals erred in concluding that the evidence was insufficient to sustain the judgment of conviction in this cause. When reviewing the sufficiency of the evidence to support a conviction, this Court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 320, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The State alone has the burden of proving beyond a reasonable doubt every essential element of the offense charged. *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281

(1977); *Wright v. State,* 603 S.W.2d 838, 840 (Tex.Cr.App.1980).

The evidence in this case shows that the State proved exactly what the indictment alleged. The State proved by direct evidence that the appellant intentionally and knowingly manufactured methamphetamine. Ginn, the State's expert witness, further testified that the aggregate weight of the methamphetamine, including any of its adulterants and/or dilutants, was 1,093.7 grams, which clearly exceeds 400 grams. Ginn's conclusion was not called into question by the defense in the form of cross-examination, defense testimony, objection, or otherwise. The State therefore satisfied the requirements of *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 and *Wright v. State,* 603 S.W.2d 838. Viewing this evidence in the light most favorable to the prosecution, we conclude that any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. at 320, 99 S.Ct. at 2789.

Appellant argues that the Court of Appeals properly applied the rule in *Cawthon v. State,* 849 S.W.2d 346 (Tex.Cr.App.1992) and its predecessors, *Reeves v. State,* 806 S.W.2d 540 (Tex.Cr.App.1990), *cert. denied,* 499 U.S. 984, 111 S.Ct. 1641, 113 L.Ed.2d 736 (1991); *Engelking v. State,* 750 S.W.2d 213 (Tex.Cr. App.1988); and *McGlothlin v. State,* 749 S.W.2d 856 (Tex.Cr.App.1988). In *Cawthon,* the defense specifically cross-examined the State's expert witness concerning the adulterants and dilutants. The witness responded that he "did not run a specific analysis to determine the adulterants or dilutants." *Cawthon v. State,* 849 S.W.2d at 347. The Court therefore held that when adulterants and dilutants constitute a part of the weight to be used to increase punishment, the State must prove the following beyond a reasonable doubt:

(1) the identity of the named illegal substance,

(2) that the added remainder (adulterants and/or dilutants) has not affected the chemical activity of the named illegal substance,

(3) that the remainder (adulterants and/or dilutants) was added to the named illegal substance with the intent to increase the bulk or quantity of the final product,

(4) the weight of the illegal substance including any adulterants and/or dilutants. *Cawthon* at 348–49.

The expert witness questioned in *Cawthon* had not performed an analysis on the adulterants and/or dilutants and was therefore not able to testify as to any conclusions reached concerning such substance. Similarly, in *Reeves v. State,* 806 S.W.2d at 540; *Engelking v. State,* 750 S.W.2d at 213; and *McGlothlin v. State,* 749 S.W.2d at 861, there was evidence either that no analysis of the remainder of the solution other than the controlled substance had been performed, or that if the remainder had initially been described as adulterants and dilutants, further testimony and/or cross-examination revealed that no analysis was performed and the witness did not know the composition of that which had been described as adulterants and dilutants.

Because the conclusion of the State's expert witness in the instant case was not challenged by the defense in any manner, *Cawthon* and its predecessors are not controlling. Viewing this case in the light most favorable to the prosecution, we believe the State proved each element of the offense beyond a reasonable doubt. We affirm the State's first ground for review.

We reverse the judgment of the Court of Appeals and remand for consideration of those points of error not considered on original submission.

MILLER, J., concurs in the result.

CLINTON, J., dissents because to shift the burden of proof explicated in *Cawthon* over to an accused is constitutionally impermissable under *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

BAIRD, J., joins this note.

McCORMICK, P.J., not participating.