Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



)
 

RUSS RUTZEN,
)
 No. 08-02-00189-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 168th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D03073)


MEMORANDUM OPINION



 Russ Rutzen appeals from his conviction for possession with intent to deliver more than four
but less than 200 grams of cocaine. Appellant waived his right to a jury trial and entered a
negotiated plea of guilty. The trial court assessed his punishment in accordance with the plea bargain
at a fine of $1,000 and imprisonment for a term of ten years, probated for ten years. We affirm.

FACTUAL SUMMARY


 Jose Hernandez, an El Paso County Deputy Sheriff, was on patrol in the lower-valley area
of El Paso when he observed a truck exceeding the posted speed limit of 35 miles per hour. The
driver stopped his truck at a red light, then spun his tires in an exhibition of speed when the light
turned green. Hernandez turned on his overhead lights and stopped the truck for both traffic
offenses. Due to heavy traffic on the street, Hernandez asked the driver, whom he identified as
Appellant, to exit the vehicle and step to the side of the street. Hernandez noticed that Appellant
appeared much more nervous than would be expected for a traffic stop. Appellant's hands were
visibly shaking and he kept looking around. Hernandez then asked Appellant to have a seat in the
backseat of the patrol car while he ran a license and warrants check. Appellant gave Hernandez
permission to search the truck and he signed a written consent to search form. 

 Hernandez requested assistance from another unit to search the vehicle so he waited until
Deputy Quiroz arrived. Quiroz watched Appellant while Hernandez conducted the search. 
Hernandez found a club in the vehicle and he placed Appellant under arrest for unlawfully carrying
a weapon. When Hernandez handcuffed Appellant, he saw a white powdery substance scattered
around the backseat of the patrol car where Hernandez had been sitting. Hernandez knew the
powdery substance was not in his car prior to Appellant sitting in the backseat because he had
inspected his car when he went on duty and no one else had been in the backseat. The substance
proved to be cocaine.

 Appellant filed a "Motion to Suppress the Arrest," alleging he was arrested without a warrant
or probable cause. In order to establish standing, Appellant testified at the suppression hearing that
he had possessed the cocaine on his person prior to Hernandez finding it in the backseat of the patrol
car. Appellant argued "that the stop was bad from the onset" and the State had failed to prove he
committed an offense because it did not prove the posted speed limit. He also argued that the State
had failed to affirmatively link him to the cocaine found in the backseat. The trial court denied the
motion to suppress. 

LEGALITY OF THE DETENTION


 In his sole point of error, Appellant contends that the trial court erred in denying the motion
to suppress because the detention exceeded the scope of the traffic stop, and therefore, the consent
to search is a product of the unlawful detention. He also argues that the State failed to prove that his
detention was based on reasonable suspicion. Appellant did not make any of these arguments in the
trial court.

 To preserve error for review on appeal, a defendant's complaint on appeal must comport with
the objection raised at trial. Santellan v. State, 939 S.W.2d 155, 171 (Tex.Crim.App. 1997). By his
written motion to suppress and brief arguments in the trial court, Appellant challenged the lawfulness
of his arrest by arguing that it was without a warrant or probable cause. He did not argue that his
detention exceeded the scope of the traffic stop or that his consent to search was the product of an
unlawful detention. Based on comments made at the suppression hearing, both the State and trial
court understood the motion to suppress as aimed at the basis for the traffic stop and not the scope
of the detention. Because Appellant's objections made in the trial court do not comport with the
argument made on appeal, the issue is not preserved for our review. See Leno v. State, 934 S.W.2d
421, 423 (Tex.App.--Waco 1996), pet. dismissed as improvidently granted, 952 S.W.2d 860
(Tex.Crim.App. 1997)(defendant's arguments on appeal regarding confession were not preserved
where they varied from the arguments he made in his motion to suppress); Foster v. State, 874
S.W.2d 286, 289 (Tex.App.--Fort Worth 1994, pet. ref'd)(grounds argued on appeal as to why
affidavit and search warrant were defective were waived because they did not comport with
arguments made in motion to suppress). We overrule Appellant's sole point of error and affirm the
judgment of the trial court.


August 7, 2003 

 ANN CRAWFORD McCLURE, Justice

Before Panel No. 1

Larsen, McClure, and Chew, JJ.


(Do Not Publish)