NO. 07-08-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 16, 2009
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â ______________________________

MARK ANTHONY TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16410-C; HONORABLE ANA ESTEVEZ, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
ON ABATEMENT AND REMAND
Â Â Â Â Â Â Â Â Â Â Appellant, Mark Anthony Taylor, appeals from his conviction for aggravated assault
and sentence, pronounced on July 1, 2008, of nine years incarceration in the Texas
Department of Criminal Justice, Institutional Division, and $500 fine. Appellant filed notice
of appeal on July 14, 2008. Appellant then filed a motion for new trial on July 25, 2008,
which was overruled by operation of law. The appellate record was due by October 29,
2008. See Tex. R. App. P. 35.2(b). The clerkâs record was received and filed on October
30, 2008. Because it appeared that prior appellate counsel may have abandoned this
appeal, the cause was abated and remanded to the trial court by order of this Court on
April 24, 2009. As a result of this abatement and remand, the trial court impliedly found
that prior counsel had abandoned the appeal and appointed John Bennett to represent
appellant in this appeal. By letter, dated July 6, 2009, this Court vacated its prior letter
ruling that the appeal would be decided without a reporterâs record and set the deadline
for the filing of the reporterâs record as August 6, 2009. By letter of August 27, 2009, this
Court advised the reporter that the appellate record was late and directed the reporter to
advise the Court of the status of the appellate record on or before September 8, 2009. As
of this date, the court reporter has failed to comply with the directive of this Court.
Â Â Â Â Â Â Â Â Â Â Accordingly, we abate this appeal and remand the cause to the trial court for further
proceedings. See Tex. R. App. P. 35.3(c). Upon remand, the trial court shall immediately
cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
1.Â Â Â Â Â Â Â whether appellant still desires to pursue his appeal;
2.Â Â Â Â Â Â Â if appellant does wish to continue his appeal, whether an alternate or
substitute reporter should or can be appointed to complete the record
in a timely manner.
Â 
Â Â Â Â Â Â Â Â Â Â The trial court shall cause the hearing to be transcribed. In addition, the trial court
shall (1) execute findings of fact and conclusions of law addressing the foregoing issues,
(2) cause a supplemental clerkâs record to be developed containing its findings of fact and
conclusions of law and any orders it may issue relating to this matter, and (3) cause a
reporterâs record to be developed transcribing the evidence and arguments presented at
the aforementioned hearing, if any. The trial court shall then file the supplemental clerkâs
record and any reporterâs record transcribing the hearing with the clerk of this court on or
before October 14, 2009. Should further time be needed by the trial court to perform these
tasks, same must be requested before October 14, 2009.
Â Â Â Â Â Â Â Â Â Â It is so ordered.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Per Curiam
Â 
Do not publish. 



"71" Name="Colorful Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-0251-CR

   Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
THE COURT OF APPEALS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  AT
AMARILLO

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  PANEL
D

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  APRIL
14, 2011

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  JULIE MARIE ST. CLAIR,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  v.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS,

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Appellee

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  _______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  FROM THE 181ST DISTRICT
COURT OF POTTER COUNTY;

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  NO. 58,965-B;
HON. JOHN B. BOARD, PRESIDING

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Opinion

______________________________

Â 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Â Â Â Â Â Â Â Â Â Â Â  Appellant Julie Marie St. Clair
appeals the denial of her motion to suppress evidence, the evidence being a
controlled substance found in her purse.Â Â 
She contends that the trial court erred because the purported inventory
search of the car wherein the purse lay was improper.Â  We affirm.

Â 

Background

Â Â Â Â Â Â Â Â Â Â Â  Officer Christian Grimland (Grimland), with the
Amarillo Police Department, testified that on December 14, 2008, he stopped
appellant because the tag light on her vehicle was not working.Â  Upon checking her driverÂs license, the
officer discovered appellant had an outstanding arrest warrant.Â  Appellant then was arrested.Â  

Â Â Â Â Â Â Â Â Â Â Â  Per written departmental policy, and
once an arrest has been made, an officer is to Âconduct a vehicle inventory if
the prisoner was in control of a vehicleÂ and Âimpound the vehicle or release
it to a licensed responsible party, who is at the scene, after securing a
signed release form.ÂÂ  Appellant was the
sole occupant of the vehicle when Grimland stopped
it.Â  Given that and the aforementioned
policy, the officer conducted what he believed to be an inventory search of the
vehicle, and while doing so, encountered appellantÂs purse.Â  Searching it, he found a wallet with $88 and
a small quantity of a controlled substance.Â 


Issue
Â Inventory Search

Â Â Â Â Â Â Â Â Â Â Â  Appellant contends that the search
of the vehicle (and thus her purse) was unlawful because it was not a proper
inventory search.Â  It was not a proper
inventory search, in her view, because the truck could have been released to
her boyfriend and the officer did not create a separate written list of the
vehicleÂs contents.Â  We overrule the
issue.

Â Â Â Â Â Â Â Â Â Â Â  First, appellant attacked the search
on the basis that it was not necessary as an incident of the arrest at trial.Â  That is, searching the vehicle was unnecessary
because she was in custody and unable to destroy evidence in or obtain weapons
or the like from it.Â  She did not attempt
to explain or illustrate why it was not a legitimate inventory search.Â  Given the difference between the grounds
asserted below for questioning the search and those presented to us, we
conclude that the latter were not preserved.Â 
Foster v. State,
874 S.W.2d 286, 289 (Tex. App.ÂFort Worth 1994, pet. ref'd) (requiring the grounds asserted in the
trial court to comport with those asserted on appeal, otherwise nothing is
preserved for review).

Â Â Â Â Â Â Â Â Â Â Â  Nonetheless, even if the complaint
was preserved for review, we would find it baseless.Â  This is so because no one questioned the fact
or legitimacy of appellantÂs arrest.Â 
And, given that, the police were
authorized to conduct an inventory search of the truck if impoundment was the
only reasonable alternative to protect the vehicle.Â  Daniels v. State, 600 S.W.2d 813, 814 (Tex. Crim. App.
1980); Garrett v. State, No. 07-00-0489-CR, Â 2001Tex. App. Lexis
4587, at *5 (Tex. App.ÂAmarillo 2001, no pet.) (mem. op. not
designated for publication).Â  Yet, they
are not required to investigate the existence of such alternatives in absence
of some objectively demonstrable evidence that
alternatives did, in fact, exist.Â  Mayberry
v. State, 830 S.W.2d 176, 180 (Tex. App.ÂDallas 1992, pet. refÂd); Wooldridge v. State, No. 05-05-0263, 2006
Tex. App. Lexis 8918, at *5-6
(Tex. App.ÂDallas
2006, no pet.) (mem.
op., not designated for publication).Â  Neither must the State
prove that 1) the impoundment and subsequent inventory was the least intrusive
means of securing the vehicle and keeping it safe, nor 2) the officers
independently investigated possible alternatives to impoundment.Â  Moskey v.
State, No. 01-09-0532-CR, 2010 Tex. App. Lexis 8948,
at *9 (Tex. App.ÂHouston [1st Dist.] 2010, no pet.) (mem. op., not
designated for publication).

Â Â Â Â Â Â Â Â Â Â Â  According to
the evidence before the trial court, appellant was alone in the truck when the
stop occurred.Â  Furthermore, no one other
than she and the police were there when she was
arrested.Â  Though appellant did mention
to Grimland that her boyfriend could come retrieve
the vehicle, nothing within the record illustrates that he was available at the
time, that he would agree to retrieve the vehicle, or that he had a driverÂs
license.Â  Also missing was evidence that
she owned the vehicle and, therefore, had the authority to approve of the
manner of its disposition.Â  Given the
absence of such evidence, we cannot say that the trial court had basis to
conclude that there existed reasonable alternatives to impoundment.Â  See Mitchell v. State, No. 09-05-0289-CR, 2006
Tex. App. Lexis 6590, at *4 (Tex.
App.ÂBeaumont
2006, no pet.) (mem. op., not designated for
publication) (upholding the trial courtÂs decision to deny suppression because
1) the State showed that the police lawfully arrested Mitchell and Mitchell was
alone in the car, 2) there was no evidence that others were readily available
to take care of the car, 3) the police are not required to independently
investigate impoundment alternatives, and 4) the police were not required to
locate the owner of the barber shop to determine if Mitchell's car could remain
in the lot); Wooldridge v. State, supra (holding that because
the record failed to illustrate that the officer knew who owned the vehicle at
the time of the arrest, the record failed to contain objectively demonstrable
evidence establishing that the officer had the option to move the vehicle out
of the roadway); Richards v. State, 150 S.W.3d 762, 768-69
(Tex. App.ÂHouston
[14th Dist.] 2004, pet. refÂd) (stating
that because the record lacked evidence illustrating that the officers knew the
identity of the vehicleÂs owner, they were not required to comply with the
driverÂs request to move the vehicle or release it to a third party).

Â Â Â Â Â Â Â Â Â Â Â  As for
appellantÂs effort to question the legitimacy of the inventory search because
the officer did not itemize the contents of the vehicle, we note that Grimland testified to searching the vehicle in accordance
with departmental policy, that the only items of value found were the purse and
the $88 contained in it, and that those items were included in his report.Â  He also described the reasons for conducting
the search (i.e. to protect the possessions of the person that owns or controls
the vehicle and to avoid liability issues). Furthermore, the policy in question
was admitted into evidence.Â  And,
appellant did not attack the legitimacy of that particular policy at
trial.Â  That was enough evidence to
establish that the officer conducted a proper inventory search.Â  See 

Mitchell
v. State, supra (stating that 1) Officer Graham's testimony was sufficient to meet the State's
burden because he stated that, as a matter of procedure, the police conduct
routine inventories of vehicles to protect the department and tow truck drivers
from liability for any property left in the vehicles, and he described the
inventory search of Mitchell's vehicle, 2) appellant cross-examined Officer
Graham but asked no questions about the department's inventory policy, and 3)
the record does not show any deviation from police department policy).

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
the sole issue of appellant is overruled and the judgment is affirmed.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Brian
Quinn

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Publish.

Â 

Â Â Â Â Â Â Â Â Â Â Â  

Â 

Â 

Â