NO. 07-10-0251-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                APRIL
14, 2011

 

                                            ______________________________

 

 

                                                       JULIE MARIE ST. CLAIR,

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

                                                                                                            Appellee

                                           _______________________________

 

                       FROM THE 181ST DISTRICT
COURT OF POTTER COUNTY;

 

                                NO. 58,965-B;
HON. JOHN B. BOARD, PRESIDING

                                            ______________________________

 

Opinion

______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Appellant Julie Marie St. Clair
appeals the denial of her motion to suppress evidence, the evidence being a
controlled substance found in her purse.  
She contends that the trial court erred because the purported inventory
search of the car wherein the purse lay was improper.  We affirm.

 

Background

            Officer Christian Grimland (Grimland), with the
Amarillo Police Department, testified that on December 14, 2008, he stopped
appellant because the tag light on her vehicle was not working.  Upon checking her driver’s license, the
officer discovered appellant had an outstanding arrest warrant.  Appellant then was arrested.  

            Per written departmental policy, and
once an arrest has been made, an officer is to “conduct a vehicle inventory if
the prisoner was in control of a vehicle” and “impound the vehicle or release
it to a licensed responsible party, who is at the scene, after securing a
signed release form.”  Appellant was the
sole occupant of the vehicle when Grimland stopped
it.  Given that and the aforementioned
policy, the officer conducted what he believed to be an inventory search of the
vehicle, and while doing so, encountered appellant’s purse.  Searching it, he found a wallet with $88 and
a small quantity of a controlled substance. 


Issue
– Inventory Search

            Appellant contends that the search
of the vehicle (and thus her purse) was unlawful because it was not a proper
inventory search.  It was not a proper
inventory search, in her view, because the truck could have been released to
her boyfriend and the officer did not create a separate written list of the
vehicle’s contents.  We overrule the
issue.

            First, appellant attacked the search
on the basis that it was not necessary as an incident of the arrest at trial.  That is, searching the vehicle was unnecessary
because she was in custody and unable to destroy evidence in or obtain weapons
or the like from it.  She did not attempt
to explain or illustrate why it was not a legitimate inventory search.  Given the difference between the grounds
asserted below for questioning the search and those presented to us, we
conclude that the latter were not preserved. 
Foster v. State,
874 S.W.2d 286, 289 (Tex. App.–Fort Worth 1994, pet. ref'd) (requiring the grounds asserted in the
trial court to comport with those asserted on appeal, otherwise nothing is
preserved for review).

            Nonetheless, even if the complaint
was preserved for review, we would find it baseless.  This is so because no one questioned the fact
or legitimacy of appellant’s arrest. 
And, given that, the police were
authorized to conduct an inventory search of the truck if impoundment was the
only reasonable alternative to protect the vehicle.  Daniels v. State, 600 S.W.2d 813, 814 (Tex. Crim. App.
1980); Garrett v. State, No. 07-00-0489-CR,  2001Tex. App. Lexis
4587, at *5 (Tex. App.–Amarillo 2001, no pet.) (mem. op. not
designated for publication).  Yet, they
are not required to investigate the existence of such alternatives in absence
of some objectively demonstrable evidence that
alternatives did, in fact, exist.  Mayberry
v. State, 830 S.W.2d 176, 180 (Tex. App.–Dallas 1992, pet. ref’d); Wooldridge v. State, No. 05-05-0263, 2006
Tex. App. Lexis 8918, at *5-6
(Tex. App.–Dallas
2006, no pet.) (mem.
op., not designated for publication).  Neither must the State
prove that 1) the impoundment and subsequent inventory was the least intrusive
means of securing the vehicle and keeping it safe, nor 2) the officers
independently investigated possible alternatives to impoundment.  Moskey v.
State, No. 01-09-0532-CR, 2010 Tex. App. Lexis 8948,
at *9 (Tex. App.–Houston [1st Dist.] 2010, no pet.) (mem. op., not
designated for publication).

            According to
the evidence before the trial court, appellant was alone in the truck when the
stop occurred.  Furthermore, no one other
than she and the police were there when she was
arrested.  Though appellant did mention
to Grimland that her boyfriend could come retrieve
the vehicle, nothing within the record illustrates that he was available at the
time, that he would agree to retrieve the vehicle, or that he had a driver’s
license.  Also missing was evidence that
she owned the vehicle and, therefore, had the authority to approve of the
manner of its disposition.  Given the
absence of such evidence, we cannot say that the trial court had basis to
conclude that there existed reasonable alternatives to impoundment.  See Mitchell v. State, No. 09-05-0289-CR, 2006
Tex. App. Lexis 6590, at *4 (Tex.
App.–Beaumont
2006, no pet.) (mem. op., not designated for
publication) (upholding the trial court’s decision to deny suppression because
1) the State showed that the police lawfully arrested Mitchell and Mitchell was
alone in the car, 2) there was no evidence that others were readily available
to take care of the car, 3) the police are not required to independently
investigate impoundment alternatives, and 4) the police were not required to
locate the owner of the barber shop to determine if Mitchell's car could remain
in the lot); Wooldridge v. State, supra (holding that because
the record failed to illustrate that the officer knew who owned the vehicle at
the time of the arrest, the record failed to contain objectively demonstrable
evidence establishing that the officer had the option to move the vehicle out
of the roadway); Richards v. State, 150 S.W.3d 762, 768-69
(Tex. App.–Houston
[14th Dist.] 2004, pet. ref’d) (stating
that because the record lacked evidence illustrating that the officers knew the
identity of the vehicle’s owner, they were not required to comply with the
driver’s request to move the vehicle or release it to a third party).

            As for
appellant’s effort to question the legitimacy of the inventory search because
the officer did not itemize the contents of the vehicle, we note that Grimland testified to searching the vehicle in accordance
with departmental policy, that the only items of value found were the purse and
the $88 contained in it, and that those items were included in his report.  He also described the reasons for conducting
the search (i.e. to protect the possessions of the person that owns or controls
the vehicle and to avoid liability issues). Furthermore, the policy in question
was admitted into evidence.  And,
appellant did not attack the legitimacy of that particular policy at
trial.  That was enough evidence to
establish that the officer conducted a proper inventory search.  See 

Mitchell
v. State, supra (stating that 1) Officer Graham's testimony was sufficient to meet the State's
burden because he stated that, as a matter of procedure, the police conduct
routine inventories of vehicles to protect the department and tow truck drivers
from liability for any property left in the vehicles, and he described the
inventory search of Mitchell's vehicle, 2) appellant cross-examined Officer
Graham but asked no questions about the department's inventory policy, and 3)
the record does not show any deviation from police department policy).

            Accordingly,
the sole issue of appellant is overruled and the judgment is affirmed.

 

                                                                                    Brian
Quinn

                                                                        Chief
Justice

 

Publish.