PD-1537&1538&1539&1540&1541-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/21/2015 4:36:14 PM
Accepted 12/22/2015 9:22:49 AM
ABEL ACOSTA
CLERK

**No. PD-1537-15, PD-1538-15, PD-1539-15, PD-1540-15, PD-1541-15**

# TO THE COURT OF CRIMINAL APPEALS OF TEXAS

HUGO PACHAS-LUNA
*Appellant*

FILED IN
COURT OF CRIMINAL APPEALS

December 22, 2105

ABEL ACOSTA, CLERK

v.

THE STATE OF TEXAS,
*Appellee*

---

## PETITION FOR DISCRETIONARY REVIEW

---

On Petition for Discretionary Review from the First Court of Appeals
Nos. 01-14-00516-CR, 01-14-00517-CR, 01-14-00518-CR,
01-14-00519-CR, 01-14-00520-CR,
Affirming the judgment in Cause Nos. 1370904, 1370905, 1370906, 1370907, 1370908
from the 230th District Court, Harris County, Texas.

---

Oral Argument Requested

**ALEXANDER BUNIN**
Chief Public Defender
Harris County, Texas

**SARAH V. WOOD**
Assistant Public Defender
Harris County, Texas
Texas Bar Number 24048898
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Sarah.Wood@pdo.hctx.net

**Counsel for Appellant**

# IDENTITY OF PARTIES AND COUNSEL

APPELLANT:                              Hugo Pachas-Luna

DEFENSE COUNSEL ON APPEAL:              Sarah V. Wood
                                        Assistant Public Defender
                                        Harris County, Texas
                                        1201 Franklin, 13th Floor
                                        Houston, Texas 77002

DEFENSE COUNSEL AT TRIAL:               Connie Williams
                                        1314 Texas Street, Suite 710
                                        Houston, Texas 77002

PROSECUTORS:                            Clinton Morgan (on appeal)
                                        Stephen Driver (at trial)
                                        Kathryn Kahle (at trial)
                                        Assistant District Attorneys
                                        Harris County, Texas
                                        1201 Franklin, 6th Floor
                                        Houston, Texas 77002

PRESIDING JUDGE:                        Hon. Brad Hart
                                        230th District Court
                                        Harris County, Texas
                                        1201 Franklin, 16th Floor
                                        Houston, Texas 77002

# TABLE OF CONTENTS

Identity of Parties and Counsel ............................................................................ 2

Table of Contents ................................................................................................. 3

Index of Authorities ............................................................................................. 5

Statement Regarding Oral Argument ................................................................... 6

Statement of the Case .......................................................................................... 6

Statement of Procedural History ......................................................................... 6

Grounds For Review ............................................................................................ 7

Argument .............................................................................................................. 7

    Reasons for Review ........................................................................................ 7

    Factual Background ........................................................................................ 8

    Ground One: ................................................................................................ 11

When trial counsel challenges the sufficiency of a search warrant affidavit, must he specifically articulate each "reason" for its insufficiency in order to preserve consideration on appeal? Or must the reviewing court adhere to the standard of review requiring consideration of the "totality of the circumstances shown in the affidavit" when assessing probable cause?

    Ground Two: ................................................................................................ 16

Even though the First Court of Appeals decided the issue was preserved for appeal, it inexplicably failed to address appellant's observation that the affidavit is stale as to the physical address.

Ground Three: ....................................................................................18

> Even though the First Court of Appeals acknowledged trial counsel explained that information from "other investigators" was not shown to be "credible" in the affidavit, it failed to address the same argument on appeal because counsel's brief used the word "reliable" instead of "credible."

Prayer for Relief.................................................................................. 21

Certificate of Service and Compliance............................................................. 21

# INDEX OF AUTHORITIES

## Cases

*Flores v. State*, 287 S.W.3d 307 (Tex. App.—Austin 2009), aff'd, 319 S.W.3d 697 (Tex. Crim. App. 2010). ........................................................................................................ 11

*Ford v. State*, 305 S.W.3d 530 (Tex. Crim. App. 2009) ........................................... 20

*Foster v. State*, 874 S.W.2d 286 (Tex.App.–Fort Worth 1994, pet. ref'd) .......................... 11

*Hennessy v. State*, 660 S.W.2d 87 (Tex. Crim. App. 1983) ....................................... 18

*Henson v. State*, 440 S.W.3d 732 (Tex. App.—Austin 2013, no pet.) ............................. 13

*Illinois v. Gates*, 462 U.S. 213 (1983). .......................................................... 11

*Jones v. State*, 833 S.W.2d 118 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 921 (1993) 8

*Richardson v. State*, No. 01–04–00833–CR, 2006 WL 488661 (Tex.App.–Houston [1st Dist.] Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication) ............... 11

*State v. Jordan*, 342 S.W.3d 565 (Tex. Crim. App. 2011) .................................... 11, 13

*Swearingen v. State*, 143 S.W.3d 808 (Tex. Crim. App. 2004) ................................... 13

*Wise v. State*, 223 S.W.3d 548 (Tex. App.—Amarillo 2007, pet. ref'd). ......................... 18

*Young v. State*, 826 S.W.2d 141 (Tex. Crim. App. 1991). ...................................... 14

## Rules

Tex. R. App. P. 47.1 ................................................................................ 17

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument as it may aid this Court in the resolution of the interesting issues that require a close reading of the search warrant affidavit.

## STATEMENT OF THE CASE

Hugo Pachas-Luna was indicted on five charges of possession of child pornography in cause numbers 1370904, 1370905, 1370906, 1370907, and 1370908, alleged to have occurred December 12, 2012 (C.R. at 13).[1] A hearing on a Motion to Suppress pertaining to a Search Warrant was held along with a bench trial on guilt/innocence (C.R. at 79). The trial court denied the Motion to Suppress and found the appellant guilty (C.R. at 87). This appeal concerns the Motion to Suppress.

## STATEMENT OF PROCEDURAL HISTORY

The First Court of Appeals affirmed the conviction in an unpublished opinion. *Pachas-Luna v. State,* 01-14-00516-CR, 2015 WL 6081754 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015). No motion for rehearing was filed.

---

[1] For simplicity, the citations to the clerk's record herein will reference page numbers in cause number 1370904. The record volumes in each case appear to be essentially the same except that the volume for #1370904 contains additional pages of subpoenas.

## GROUNDS FOR REVIEW

Ground One:     When trial counsel challenges the sufficiency of a search warrant affidavit, must he specifically articulate each "reason" that it fails to show probable cause in order to preserve review on appeal? Or must the reviewing court adhere to the standard of review that requires consideration of the "totality" of the affidavit?

Ground Two:     Even though the First Court of Appeals acknowledged the specific argument was preserved, it inexplicably failed to address the appellant's claim that the affidavit was stale as to the physical address.

Ground Three:     The First Court of Appeals erred in refusing to consider one of appellant's arguments because counsel's brief used the word "reliable" and trial counsel used the word "credible," even though both arguments were the same and trial counsel did in fact repeatedly use the word "rely" in this context.

## ARGUMENT

**Reasons for Review**

This case involves an important issue of preservation that needs to be settled by this Court.

The court of appeals has permitted such a departure from the accepted course of proceedings in the trial court as to call for this Court to exercise its supervisory capacity.

The court of appeals has decided a question of law in a way that conflicts with applicable decisions of this Court and the intermediate courts.

7

**Factual Background**

The court of appeals refused to address many of the considerations relevant to whether the affidavit in this case amounted to probable cause. The court reasoned that these considerations were not preserved because they were not argued in precisely the same way by trial counsel. However, the correct standard of review is for the court to consider the totality of circumstances within the affidavit and determine whether or not it rises to probable cause justifying the search. The record makes clear that the issue was fully litigated in the trial court and that the judge properly based his ruling on a full review of the totality of the affidavit.

The contraband in this case was obtained through a search warrant for a residential address issued by Judge Ruben Guerrero and based on a twenty-one-page affidavit given by a Harris County Precinct Four Constable certified in "Basic Cybercrime Investigation." (State's exhibit 1(the warrant); Defense exhibit 1 (the affidavit)).

Trial counsel filed a Motion to Suppress, specifically asserting that "the affidavit does not reflect sufficient probable cause to justify the issuance of a search warrant, in that the affidavit lacks sufficient underlying circumstances which would permit the conclusion that the alleged contraband was at the location in which it was claimed…and thus **did not meet the totality of the circumstances analysis adopted in Illinois v. Gates**…" (C.R. at 79).

The appellant pleaded not-guilty and proceeded to a bench trial, during which trial counsel orally objected to the evidence based on the search warrant affidavit and referred to his motion to suppress. (3 R.R. at 23-24). Corporal Lee, the affiant, testified extensively and many of the irregularities in his affidavit were broached during cross-examination, although the sufficiency of an affidavit is, of course, ultimately to be assessed based solely on the information within its four corners.[2]

Both parties argued at length about the sufficiency of the affidavit and the trial court denied the motion, stating, "Well, taking everything into consideration and while—again, State, for the record, I see where there are issues here and there are things that certainly could have been done better I think in this search warrant. Based on testimony I've heard and **reviewing the warrant in its entirety** and –well, reviewing the warrant in its entirety, I'm going to deny the defense motion to suppress." (3 R.R. at 95-96).

In her brief to the court of appeals, counsel raised a single issue: "The trial court erred in denying the motion to suppress because the search warrant affidavit failed to state probable cause." In her introduction, counsel explained that it is "well-settled that the correct way to read an affidavit is to focus on the combined logical force of facts that are in the affidavit," and that "Appellant's brief below provides a logical, common-sense review of the affidavit." (Appellant's brief at 14-15). Counsel then further divided

---

[2] *See, e.g. Jones v. State*, 833 S.W.2d 118, 123 (Tex. Crim. App. 1992), cert. denied, 507 U.S. 921 (1993).

her brief into nine subsections, tailored to describe the myriad ways in which, as the trial court itself observed, the affidavit "could have been done better" and was therefore insufficient as a whole to authorize the police incursion into a residential home.

In his brief for the State, Clinton Morgan amusingly remarked that "Corporal Lee is unlikely to be nominated for any literary prizes based on this affidavit" and conceded that at least one of the deficiencies within the affidavit was "legitimate" and "well-taken." (State's brief at 4, 20).

The appellant filed a reply brief in which he explained to the court of appeals, citing relevant case law, that preservation was not an issue because all of the arguments in her brief were merely relevant considerations to help the court decide the main issue of whether the affidavit failed to state probable cause. (Appellant's reply brief at 3-4).

However, the court of appeals failed to consider the totality of the affidavit, disregarding the arguments of counsel because the appellant "did not argue to the trial court that the affidavit was insufficient to establish probable cause for any of these reasons." *Pachas-Luna v. State*, 01-14-00516-CR, 2015 WL 6081754, at *3 (Tex. App.—Houston [1st Dist.] Oct. 15, 2015).

**Ground One:**

**When trial counsel challenges the sufficiency of a search warrant affidavit, must he specifically articulate each "reason" for its insufficiency in order to preserve consideration on appeal? Or must the reviewing court adhere to the standard of review requiring consideration of the "totality of the circumstances shown in the affidavit" when assessing probable cause?**

In its opinion, the court of appeals listed seven of the observations made in appellant's brief and held that it would not consider them because counsel "did not argue to the trial court that the affidavit was insufficient to establish probable cause for any of these reasons." *Pachas-Luna,* at *3. However, all of these "reasons" were necessarily included within trial counsel's primary objection that the affidavit failed to state probable cause. The court's holding disregards common practices in this field of litigation and is contrary to established precedent.

It is well-known that, as held by the Supreme Court in *Illinois v. Gates*, whether a search warrant affidavit states probable cause is determined by considering the totality of the circumstances shown in the affidavit.[3] Trial counsel enunciated this standard of review in his motion to suppress, specifically citing *Gates*, and the trial judge noted on the record that he utilized this method of analysis. (3 R.R. at 95-96). It is thus commonly understood in the district courts that the judge is responsible for reading the entire affidavit and simply determining whether it amounts to probable cause.

However, the court of appeals refused to consider the totality of the affidavit

---

[3] *Illinois v. Gates*, 462 U.S. 213, 238 (1983); *State v. Jordan*, 342 S.W.3d 565, 570 (Tex. Crim. App. 2011).

and purportedly limited its consideration to the details that were discussed aloud in the trial court. The court justified its narrow view upon one unpublished case and one Fort Worth opinion from 1994 scantily addressing the subject.[4] In doing so, the court declined to follow a much more recent, published opinion that was discussed in the appellant's reply brief that is precisely on point.

In *Flores v. State*, the court observed that a challenge to the sufficiency of the affidavit necessarily includes a staleness claim. [5] There, the appellant did not specifically argue the issue of staleness at trial, but the court rejected the State's contention that he failed to preserve review, reasoning:

> It is true that appellant never expressly asserted, either in the motion to suppress or at the hearing, that the information in the affidavit was stale. There was, however, no doubt that appellant was challenging the sufficiency of the affidavit's showing of probable cause. Whether a search warrant affidavit states probable cause is determined by considering the totality of the circumstances shown in the affidavit. Time is an important circumstance because the affidavit must establish that the object of the search is probably on the premises at the time the warrant is sought. We conclude that the timeliness of the information was necessarily included within appellant's challenge to the sufficiency of the probable cause affidavit, and the timeliness

---

[4] *Foster v. State*, 874 S.W.2d 286, 289 (Tex.App.–Fort Worth 1994, pet. ref'd) and *Richardson v. State*, No. 01–04–00833–CR, 2006 WL 488661, at *3 (Tex.App.–Houston [1st Dist.] Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication) (citing *Foster*, 874 S.W.2d at 289).
[5] *Flores v. State*, 287 S.W.3d 307, 310 (Tex. App.—Austin 2009), aff'd, 319 S.W.3d 697 (Tex. Crim. App. 2010).

issue is now properly before us on appeal.[6]

Likewise, in this case, the various "reasons" highlighted in appellant's brief were preserved since, as *Flores* observed, they were "necessarily included within appellant's challenge to the sufficiency of the probable cause affidavit."

In *Illinois v. Gates*, the Supreme Court explained that "probable cause is a fluid concept—turning on the assessment of probabilities in particular factual contexts—not readily, or even usefully, reduced to a neat set of legal rules."[7] A probable cause determination cannot be made while being blinded to particular facts or circumstances, as the court of appeals has seen fit to do in this case. The facts in an affidavit either rise to probable cause or they do not.

Rather than viewing facts and deficiencies in isolation, "they are better understood as relevant considerations in the totality-of-the-circumstances analysis that traditionally has guided probable cause determinations."[8] The appellant in this case undertook to briefing many of these "relevant considerations," but the court abdicated its duty to review them.

Texas courts have adopted *Gates*, holding consistently, "Whether the facts in a search warrant affidavit are sufficient to establish probable cause to believe that the item sought will be found in the place to be searched is determined by examining the totality

---

[6] *Id.*
[7] *Gates*, at 232.
[8] *Id.* at 233.

of the circumstances."[9] In *State v. Jordan*, this Court held it was error where the court of appeals "analyzed separately the affiant's introductory statement and the subsequent description of facts, instead of considering the totality of the circumstances contained within the four corners of the affidavit."[10]

"[I]t is impermissible to employ a divide-and-conquer or piecemeal approach to analyzing the information upon which the magistrate found probable cause to exist."[11] However, the court of appeals arbitrarily cut apart its analysis and refused to consider the affidavit as a whole.

In *Young v. State*, this Court distinguished between the "legal theory" on which a ruling is sought and the "analytical tools" on which a party relies to support the legal theory.[12] A trial objection must specify the "legal theory" later relied upon on appeal, but an "analytical tool" not presented to the trial court can nevertheless be relied upon on appeal. This Court explained that this "ruling merely allows appellant to argue what is in evidence … and why he should prevail on his…claim." Likewise, in this case, the legal theory was preserved: the affidavit—on its face—failed to amount to probable cause. Appellant simply used the affidavit that was in evidence to provide the reviewing court with analytical tools to aid its decision.

It is important that the method of preservation required in search warrant

---

[9] *Swearingen v. State*, 143 S.W.3d 808, 812 (Tex. Crim. App. 2004).

[10] *State v. Jordan*, 342 S.W.3d 565, 569 (Tex. Crim. App. 2011).

[11] *Henson v. State*, 440 S.W.3d 732, 740 (Tex. App.—Austin 2013, no pet.).

[12] *Young v. State*, 826 S.W.2d 141 (Tex. Crim. App. 1991).

litigation be clarified. When a motion to suppress is based solely on the sufficiency of the affidavit, full hearings are rarely held since the court's consideration is limited to the four corners of the document. A common perception is that the trial court's duty is to simply read the affidavit and decide whether it amounts to probable cause or not. Trial counsel rarely files a legal brief, particularly not of the length and detail required as in this case to argue every consideration relevant to whether the sloppy, twenty-one page affidavit in this case does not rise to probable cause.

If the decision in this case is applied going forward, it will result in the unintentional waiver of many arguments on appeal. Although he may not have pointed out the litany of errors and omissions within the twenty-one-page document, trial counsel in this case clearly did not intend to forfeit a proper review of the totality of the affidavit. It is important for this Court to clarify this issue.

**Ground Two:**

**Even though the First Court of Appeals decided the issue was preserved for appeal, it inexplicably failed to address appellant's observation that the affidavit is stale as to the physical address.**

One of the biggest problems with probable cause in this case is that no one verified that the suspect actually lived at the address at the time the warrant was executed. It is a basic principle of analysis that probable cause requires sufficient evidence that the suspected contraband is at the location at the time of the search.

In August of 2012, officers obtained information from the Comcast cable company that it had the suspect's address listed as 18107 Fairhope Oaks. The search warrant was executed four months later in December. Nothing was done to verify who lived at the address in December.

Even assuming that Comcast's records can be trusted, the information would have been stale four months later. No one checked the suspect's drivers license address, ran the plates of the cars in the driveway, or even performed surveillance. Many easy procedures exist for making sure they're at the right house before officers knock the door down, but it is apparent from the affidavit that no concern was shown.

The court of appeals stated in its opinion that trial counsel preserved the issue that "the information in the affidavit linking the IP address to appellant and the 18107 Fairhope Oak address was stale." *Pachas-Luna*, at *3. The court of appeals thus purported to address this argument in its subsection C. *Id.* at *5.

However, in its discussion of the issue, the court turned appellant's argument

into something that it was not and completely mischaracterized the claim. It summarily dismissed the issue with the maxim that "due to the continuous and protracted nature of the offense, the passage of time does not necessarily render information stale in cases involving possession of child pornography." *Id.* While it may be true that people rarely dispose of this sort of contraband, that has nothing to do with the staleness of **the connection to the address**.

Counsel stated as much in her brief, explaining, "While the information in the affidavit may have been sufficient to conclude that a person who possesses child pornography will likely keep it for a very long time, it gave no basis to determine whether the subscriber's address provided by Comcast in August was still valid in December." (Appellant's brief at 31).

Under Rule of Appellate Procedure 47.1, "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." Tex. R. App. P. 47.1. The court violated this rule by failing to address the appellant's issue. It is disconcerting that the court mischaracterized counsel's argument so drastically.

**Ground Three:**

**Even though the First Court of Appeals acknowledged trial counsel explained that information from "other investigators" was not shown to be "credible" in the affidavit, it failed to address the same argument on appeal because counsel's brief used the word "reliable" instead of "credible."**

Another significant way in which the affidavit fails to show probable cause is that the affiant stated that he relied upon some unnamed "other investigators" to determine whether files identified by complex alpha-numeric symbols ("hash values") were contraband. It is important to understand that the affiant never saw any child pornography on the suspect's computer; what he saw were files identified by hash values. An additional step was necessary to determine whether those files contained illicit material based on their hash values.

The boilerplate portion of his affidavit stated that he was to use the software of the National Center for Missing and Exploited Children to perform this step. Instead, he interpreted the hash values by "asking other investigators if they had seen the files or had copies of the files." From this, it is impossible to determine the identity of these investigators or how they concluded the hash values were connected to contraband.

As the appellant stated in his original brief, hearsay in an affidavit may be relied upon only if the "underlying circumstances indicate that there is a substantial basis for crediting the hearsay at each level."[13] This Court has indicated that "each level must be

---

[13] *Hennessy v. State*, 660 S.W.2d 87, 91 (Tex. Crim. App. 1983).

scrutinized."[14] It is the reviewing court's duty to evaluate the affiant's "basis of knowledge."[15] By failing to identify these "other investigators" or the methods they used, this hearsay remains uncredited and without any way to determine its reliability. Refusing to consider this point, the court of appeals over-simplified it and described it summarily as:

> Lee did not provide any information from which the magistrate could determine whether the opinions of the "other investigators" were reliable.

The court held it was unpreserved and explained in a footnote:

> At the hearing on appellant's motion, appellant argued that the affidavit was insufficient to establish probable cause because Lee did not provide any information from which the magistrate could determine whether the "other investigators" were credible. *See State v. Smith*, 335 S.W.3d 706, 714 (Tex.App.–Houston [14th Dist.] 2011, pet. ref'd) (noting that credibility and reliability are different concepts).

The court apparently refused to address this issue because appellate counsel used the word "reliable" and trial counsel used the word "credible." But the arguments were the same. Trial counsel stated:

> Which brings me to my next point is what is the credibility of the people ["other investigators"] who gave you this information. There is no

---

[14] *Id.*

[15] *Wise v. State*, 223 S.W.3d 548, 556 (Tex. App.—Amarillo 2007, pet. ref'd).

measure that the Court can used to judge the credibility of those people. To analogize to a search warrant on the confidential informant, where it has to be vouched for that person's credibility, **why could you rely upon him, how did you rely upon him**, and, you know, you tell him what his name. [sic] And there's a requirement about a court to know how you base your belief on their credibility.

Here we've got the full opportunity to fully disclose who these officers were, **what they actually did, what their level of expertise**. [sic] But all that remains unknown to the Court as to whether that exists at all or to what degree it does exist among these officers. Certainly that is something that's clearly missing from the ordinary tenets of what a search warrant requires.

(3 R.R. at 85-86). Based on the above, it cannot be claimed that the issue was not preserved. Counsel's argument on appeal is the same as trial counsel's argument. Even assuming that there is a measurable difference between "credibility" and "reliability" in this context, trial counsel did in fact argue reliability. Could the court of appeals be taking issue with his use of the word in a different tense as appellate counsel, since he said "rely" and not "reliable?" It strains the bounds of reason.

A party need not spout "magic words" or recite a specific statute to preserve an issue; straightforward communication in plain English letting the court know what he wants and why is sufficient.[16]

---

[16] *Ford v. State*, 305 S.W.3d 530, 533 (Tex. Crim. App. 2009).

**PRAYER FOR RELIEF**

For the reasons stated above, the Appellant prays that this Court grant his petition, review the case, and hold that the Court of Appeals erred by deciding everything was unpreserved and affirming the conviction.

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


**/s/ Sarah V. Wood**
**SARAH V. WOOD**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016 (phone)
(713) 368-9278 (fax)
State Bar Number 24048898

**CERTIFICATE OF SERVICE AND COMPLIANCE**

This is to certify that a copy of the foregoing petition for discretionary review has been served on the District Attorney of Harris County, Texas, by the efile service and to the State Prosecuting Attorney and that this petition has 3,303 words according to the computer program used to draft it.

**/s/ Sarah V. Wood**
**SARAH V. WOOD**

2015 WL 6081754

Only the Westlaw citation is currently available.

SEE TX R RAP RULE 47.2 FOR DESIGNATION AND SIGNING OF OPINIONS.

DO NOT PUBLISH. TEX. R. APP. P. 47.2(B).

Court of Appeals of Texas,

Houston (1st Dist.).

# Hugo D. Pachas–Luna, Appellant

v.

## The State of Texas, Appellee

NO. 01–14–00516–CR, NO. 01–14–00517–CR, NO. 01–14–00518–CR, NO. 01–14–00519–CR, NO. 01–14–00520–CR

Opinion issued October 15, 2015

On Appeal from the 230th District Court, Harris County, Texas, Trial Court Case Nos. 1370904, 1370905, 1370906, 1370907, and 1370908

## Attorneys and Law Firms

Sarah V. Wood, for **Hugo** D. **Pachas–Luna**.

Alan Curry, Devon Anderson, Clinton A. Morgan, for The State of Texas.

Panel consists of Justices Keyes, Massengale, and Lloyd.

## MEMORANDUM OPINION

Russell Lloyd, Justice

*1 The trial court convicted appellant **Hugo** D. **Pachas–Luna** of five counts of possession of child pornography[1] and assessed his punishment for each count at eight years' incarceration in the Texas Department of Criminal Justice, Institutional Division, with the sentences to run consecutively. In a single issue, appellant contends that the trial court erred in denying his motion to suppress evidence because the search warrant affidavit failed to establish probable cause. We affirm the trial court's judgment.

### Background

On December 10, 2012, Corporal Lee of the Harris County Precinct Four Constable's Office swore to a twenty-one page affidavit supporting a warrant to search appellant's residence for data and images of child pornography and requesting

permission to "seize at the search location all the computer hardware, software, and peripherals that are believed to potentially contain some or all of the contraband." Corporal Lee testified in his affidavit that he conducted an online investigation into the trafficking of child pornography in Harris County via peer-to-peer file-sharing networks on August 9, 2012.[2] The specialized software Lee was using to conduct this investigation allowed him and other investigators to identify materials that an individual or a computer has "downloaded over a specific period," using IP addresses. During his investigation, Lee determined that IP address 98.194.180.106 had files within its shared folders that appeared to contain child pornography. Lee subpoenaed "the subscriber assigned to the IP address, based upon ... the dates and times the IP address was seen downloading what are believed to be child pornographic images or videos," from Comcast Internet Services, the internet service provider associated with the IP address. On August 20, 2012, Comcast responded to the subpoena, identifying appellant as "the subscriber who was utilizing the I.P. address of 98.194.180.106 on 08/05/12 at 2042 hrs and 04/14/12, at 2057 hrs GMT" and listing appellant's address as 18107 Fairhope Oak. Lee testified that he took photographs of 18107 Fairhope Oak on August 23, 2012, and he included two such photographs in his affidavit which showed a single-family suburban house. Lee also conducted additional checks of IP address 98.194.180.106, in November and December 2012, which confirmed that the address was still sharing files that appeared to be child pornography.

Based upon his experience and training, Lee testified that people who have a sexual interest in children or minors often collect sexually explicit materials depicting children, including photographs, motion pictures, and videotapes. According to Lee, such individuals "rarely, if ever, dispose of their sexually explicit materials," which they consider to be "prized possessions." Often, these individuals "use the computer to electronically exchange pictures of children ... engaged in sexual activity. These illegal images can be stored on the computer or floppy disks, and viewed on the computer monitor anytime the subject chooses." Based on his experience in this area, Lee testified that "collections of child pornography will more than likely be located in the suspect's home," because a "high degree of privacy is necessary to enjoy the collection." Lee had previously verified that the IP address was linked to a residence.

*2 Lee further testified:

Affiant also knows from his training and experience that digital material has the capability of remaining on devices designed to store them for an indefinite period of time including weeks, months, and years. Unlike drugs, the user does not consume Child Pornography; rather they are stored and kept for an indefinite period of time. Although such individuals "go to great lengths to conceal and protect from discovery, theft, and damage, their collections of illicit materials," Lee testified that it is possible to "recover data that has been deleted from a computer hard drive, as well as storage media."

Based on Lee's affidavit, a search warrant was executed on December 12, 2012. During that search of appellant's residence, police discovered numerous hard drives containing more than 18,000 images and videos of child pornography.

Appellant, who was later charged with five counts of possession of child pornography, filed a motion to suppress alleging that the affidavit lacked sufficient probable cause to support the search of his house. The trial court held a hearing on the motion to suppress at the beginning of appellant's bench trial and, after hearing the testimony of the affiant and the arguments of counsel, denied the motion.

### Preservation of Error

A motion to suppress is a specialized objection to the admission of evidence. *Rothstein v. State,* 267 S.W.3d 366, 373 (Tex.App.–Houston [14th Dist.] 2008, pet. ref'd). "[A] complaint is not preserved for appeal unless it was made to the trial court 'by a timely request, objection or motion' that 'stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context.' "*Resendez v. State,* 306 S.W.3d 308, 312 (Tex.Crim.App.2009) (quoting TEX. R. APP. P. 33.1); *see also* TEX. R. EVID. 103. "The purpose of requiring a specific objection in the trial court is twofold: (1) to inform the trial [court] of the basis of the objection and give [it] the opportunity to rule on it; (2) to give opposing counsel the opportunity to respond to the complaint." *Resendez,* 306 S.W.3d at 312. To preserve error, a party "must be specific enough so as to 'let the trial [court] know what he wants, why he thinks himself entitled to it, and do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.' " *Id.* at 313 (quoting *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App.1992)). A party

fails to preserve error when the error urged on appeal is different from the objection made in the trial court. *See Rothstein,* 267 S.W.3d at 373.

We consider the context of the objections in the trial court to determine if the party preserved error. *See Resendez,* 306 S.W.3d at 313. Accordingly, we review appellant's motion to suppress and the suppression hearing to determine if the complaint was apparent from the context. *See id.* at 314–16; *Rothstein,* 267 S.W.3d at 374–75 & n.5; *see also Keeter v. State,* 175 S.W.3d 756, 760 (Tex.Crim.App.2005) (stating that issue may be preserved for appeal when litigated during hearing on motion to suppress and legal and factual questions intertwined). If the context shows that appellant failed to effectively communicate his argument to the trial court, then the error is deemed waived on appeal. *Lankston,* 827 S.W.2d at 909.

**\*3** In his pretrial motion to suppress evidence, appellant argued that: (1) the affidavit did not show probable cause sufficient to justify the issuance of the search warrant because the affidavit did not contain sufficient facts from which a magistrate could have determined that (a) child pornography was located at that physical address, or (b) Corporal Lee was credible; and (2) the search warrant was illegally issued because the issuing magistrate was misled by information in the affidavit that Lee knew or should have known was false. During the hearing on the motion to suppress, appellant further argued that the affidavit was insufficient to establish probable cause because: (1) although Lee testified that he determined that the hash values that he observed were child pornography by asking "other investigators" if they had seen these hash values before, he did not provide any information from which the magistrate could determine whether the "other investigators" were credible; and, (2) the information in the affidavit linking the IP address to appellant and the 18107 Fairhope Oak address was stale.

On appeal, appellant contends that the search warrant affidavit failed to demonstrate probable cause because, among other reasons:

1) Lee stated that he was using an "online database" and "software" to perform his investigation, but the affidavit did not provide a name or any other information from which a magistrate could determine that the database and software were reliable,

2) Lee omitted a verb from a key phrase used in the affidavit ("which [____] several unique files …"),

3) Lee's statements that several of the files he observed had "titles that were indicative of child pom" and other files were "labeled as child notables" are conclusory and uncredited,

4) the connection to 18107 Fairhope Oak is not substantiated because either Lee subpoenaed subscriber information for IP address 98.194.180.106 for the wrong dates or Comcast provided information for the wrong dates,

5) Lee failed to corroborate that appellant actually resided at the 18107 Fairhope Oak address in August, as indicated by Comcast's response to the subpoena,

6) although Lee identified the "approved investigation techniques" that he learned during the course of his training, the facts set forth in the affidavit indicate that Lee did not utilize those approved techniques in this investigation, and

7) Lee did not provide any information from which the magistrate could determine whether the opinions of the "other investigators" were reliable.[3]

Appellant, however, did not argue to the trial court that the affidavit was insufficient to establish probable cause for any of these reasons. Because these appellate arguments do not comport with appellant's arguments to the trial court, we hold that appellant has not preserved these arguments for our review. *See Foster v. State,* 874 S.W.2d 286, 289 (Tex.App.–Fort Worth 1994, pet. ref'd)(holding that arguments regarding deficiencies in affidavit and search warrant not raised in motion or presented at suppression hearing were not preserved for appellate review); TEX. R. APP. P. 33.1(a)(1) (requiring party to raise specific ground in trial court as prerequisite for appellate complaint); *see e.g., Richardson v. State,* No. 01–04–00833–CR, 2006 WL 488661, at *3 (Tex.App.–Houston [1st Dist.] Mar. 2, 2006, pet. ref'd) (mem. op., not designated for publication) (citing *Foster,* 874 S.W.2d at 289) (holding defendant's argument that search warrant affidavit failed to establish probable cause based on staleness of information and lack of factual allegations demonstrating reliability of canine unit were not preserved because defendant only argued to trial court that affidavit failed to establish probable cause due to lack of factual allegations demonstrating reliability and credibility of informant).

### Motion to Suppress

*4 We will limit our discussion to the only appellate complaints that appellant has preserved for our review—whether the reference to a different IP address on page 6 of the affidavit is irrelevant and should be excluded from our probable cause evaluation and whether the information in the affidavit was stale.

## A. Standard of Review

Normally, we review a trial court's decision on a motion to suppress using a bifurcated standard, deferring to the trial court's findings of historical facts and reviewing de novo the application of law. *Amador v. State,* 221 S.W.3d 666, 673 (Tex.Crim.App.2007). However, when a trial court determines probable cause to support the issuance of a search warrant, the court is "constrained to the four corners of the affidavit" and does not make any credibility determinations. *State v. McLain,* 337 S.W.3d 268, 271 (Tex.Crim.App.2011). We apply a highly deferential standard when reviewing a magistrate's decision to issue a warrant because of the constitutional preference for searches to be conducted pursuant to a warrant as opposed to a warrantless search. *Id.*;*see also* U.S. CONST. amend. IV (providing that no warrants may issue, whether for arrest or search, in absence of probable cause). The magistrate's probable cause determination will be upheld as long as the magistrate had a substantial basis for concluding that probable cause existed. *McLain,* 337 S.W.3d at 271; *Rodriguez v. State,* 232 S.W.3d 55, 60 (Tex.Crim.App.2007).

To determine whether probable cause exists, the magistrate must consider the totality of the circumstances in deciding whether there is a fair probability that contraband or other evidence of a crime will be found at the specified location. *Rodriguez,* 232 S.W.3d at 60. A finding of "fair probability" cannot be based on "mere ratification of the bare conclusions of others." *Illinois v. Gates,* 462 U.S. 213, 239, 103 S.Ct. 2317, 2333 (1983). When reviewing an issuing magistrate's determination, we should interpret the affidavit in a commonsensical and realistic manner, recognizing that the magistrate may draw reasonable inferences. *Rodriguez,* 232 S.W.3d at 61. Ultimately, our inquiry focuses on "whether there are sufficient facts, coupled with inferences from those facts, to establish a 'fair probability' that evidence of a particular crime will likely be found at a given location." *Id.* at 62. When in doubt, we defer to all reasonable inferences that the magistrate could have made. *Id.* at 61.

## B. Typographical Error

Appellant argues on appeal that the following two sentences on page 6 of the affidavit are "essentially meaningless, inconsistent, and pertain[ ] to an unrelated IP address" and should be excluded from our probable cause evaluation:

An additional check of IP 98.194.180.196 conducted on 12/07/12 shows the IP has continued to have files within its shared folders and those files all have files which are indicative of being child pornographic in nature and was last observed as of 11/13/12. This additional check provided information that the IP address has been observed on one (1) network between the dates of 08/27/11 and 09/03/12. Although appellant did not raise these arguments below in support of his motion to suppress, the affidavit's reference to a different IP address (98.194.180.*196* ) was discussed at the end of the suppression hearing when the trial judge brought the matter to counsels' attention. The State responded that the reference to IP address 98.194.180.*196* was a typographical error, as demonstrated by Lee's testimony, and appellant's counsel argued that it was not a typographical error, without further elaboration.

**\*5** Assuming, without deciding, that appellant preserved this issue for our review, appellant's argument is unavailing because the magistrate could have reasonably inferred that the lone reference to IP address 98.194.180.196 in the affidavit was a typographical error based on the other information included within the four corners of the document. Specifically, after discussing the computer program and methodology he generally employs in such investigations, Corporal Lee averred that he "located IP address 98.194.180.106," which contained files that appeared to be child pornography. Lee then refers to an "additional check" of IP address 98.194.180.*196,* and states that this "additional check" showed that the IP address "continue[d]" to share child pornography. Additionally, Lee testified in his affidavit that he requested information from Comcast "based upon the dates and times the IP address was seen downloading" child pornography, indicating that Lee meant to refer only to a single IP address in his affidavit. He further averred that Comcast responded to the subpoena and identified appellant as the subscriber who was utilizing IP address 98.194.180.106 on the dates and times requested. Based on the totality of the information set forth in the affidavit, including the fact that the only other references in the document are to IP address 98.194.180.*106,* and that there was no suggestion in the affidavit that Lee was looking at any other IP addresses in the course of this investigation, we conclude that the magistrate could have reasonably inferred that Corporal Lee meant "98.194.180.106" when he inadvertently typed "98.194.180.*196*." *See Rodriguez,* 232 S.W.3d at 61 (stating appellate courts should interpret affidavits in commonsensical and realistic manner

and that when in doubt, courts defer to all reasonable inferences magistrate could have made).

## C. Staleness

Appellant argues that the information in the affidavit from August 2012 was stale when the warrant was executed on December 12, 2012.

To support the issuance of a warrant, the facts relied upon in the affidavit must not have become "stale" by the time the warrant is issued. *McKissick v. State,* 209 S.W.3d 205, 214 (Tex.App.–Houston [1st Dist.] 2006, pet. ref'd). The proper method to determine whether the facts supporting a search warrant have become stale is to examine, in light of the type of activity involved, the time that has elapsed between the occurrence of the events set out in the affidavit and the time the search warrant was issued. *Steele v. State,*355 S.W.3d 746, 750 (Tex.App.–Houston [1st Dist.] 2011, pet. ref'd). When making such a determination, courts also consider the type of property to be seized and the probability that the property may have been relocated. *Kennedy v. State,* 338 S.W.3d 84, 93 (Tex.App.–Austin 2011, no pet.). "However, where the affidavit properly recites facts indicating activity of a protracted and continuous nature, a course of conduct, the passage of time becomes less significant," and "in appropriate circumstances, years could pass without information becoming stale." *Jones v. State,* 364 S.W.3d 854, 861 & n.35 (Tex.Crim.App.2012) (citations omitted).

This court and others have concluded that, due to the continuous and protracted nature of the offense, the passage of time does not necessarily render information stale in cases involving possession of child pornography. *See McKissick,* 209 S.W.3d at 215 (holding possession of child pornography was of continuous and protracted nature therefore making passage of time less relevant for purpose of probable cause determination); *State v. Cotter,* 360 S.W.3d 647, 653–54 (Tex.App.–Amarillo 2012, no pet.) (holding four-month old information was not stale due to continuing nature of activity of possession of child pornography); *see generally United States v. Allen,* 625 F.3d 830, 842–43 (5th Cir.2010) (holding lapse of eighteen months did not render information stale in child pornography case); *United States v. Richardson,* 607 F.3d 357, 370 (4th Cir.2010) (same; four-month old information); *United States v. Morales–Aldahondo,* 524 F.3d 115, 119 (1st Cir.2008) (same; three-year old information), *cert. denied,* 555 U.S. 1005, 129 S.Ct. 512, 172 (2008).

Here, Corporal Lee's affidavit demonstrates that IP address 98.194.180.106 was linked to appellant at the residential address of 18107 Fairhope Oak and that the IP address was downloading what appeared to be child pornography on April 14, 2012 and August 5, 2012. That same IP address had files within its shared folders that appeared to contain child pornography on August 9, 2012, November 13, 2012, and on December 7, 2012. The search warrant was executed on December 12, 2012, five days after the IP address was last observed with what appeared to be child pornography. Corporal Lee testified in his affidavit that people who have a sexual interest in children often collect images and videos of child pornography and that such illicit materials are considered "prized possessions" and are "rarely, if ever, dispose[d] of" by the collector. These "collections of child pornography will more than likely be located in the suspect's home," because a "high degree of privacy is necessary to enjoy the collection." "Unlike drugs, the user does not consume Child Pornography; rather they are stored and kept for an indefinite period of time." And, even if the collector attempts to delete such files, it is possible to "recover data that has been deleted from a computer hard drive, as well as storage media."

*6 Considering the affidavit as a whole and the reasonable inferences it supports, we conclude that the issuing magistrate had a substantial basis to find that a fair probability existed that images depicting child pornography would continue to be on or recoverable from a computer device that would be readily accessible to appellant at the residential address stated in the search warrant. *See Rodriguez,* 232 S.W.3d at 60–62; *McKissick,* 209 S.W.3d at 215. Accordingly, we conclude that the information contained in Corporal Lee's affidavit was not stale. *See McKissick,* 209 S.W.3d at 215; *see also Allen,* 625 F.3d at 843; *Richardson,*607 F.3d at 370; *Morales–Aldahondo,* 524 F.3d at 119.

We overrule appellant's sole issue.

## Conclusion

We affirm the trial court's judgment.

## All Citations

Not Reported in S.W.3d, 2015 WL 6081754

## Footnotes

1

*See* TEX. PENAL CODE ANN. § 43.26 (West Supp.2013).

2

Although Corporal Lee's affidavit delves into far greater detail regarding the technology involved and the manner in which he determined that the IP address was sharing and downloading child pornography, it is not necessary for the court to do so in light of the disposition of this appeal.

3

At the hearing on appellant's motion, appellant argued that the affidavit was insufficient to establish probable cause because Lee did not provide any information from which the magistrate could determine whether the "other investigators" were *credible. See State v. Smith,* 335 S.W.3d 706, 714 (Tex.App.–Houston [14th Dist.] 2011, pet. ref'd)(noting that credibility and reliability are different concepts).